# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 06-11276
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABEL GARCIA-ARELLANO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Abel Garcia-Arellano ("Garcia") appeals the sentence imposed for his unlawful reentry following removal from the United States. Garcia asserts that the district court plainly erred by enhancing his sentence based on the determination that his prior Texas conviction for unlawful delivery of cocaine qualifies as a drug-trafficking offense under the sentencing guidelines. Garcia also asserts that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional. We affirm the sentence imposed by the district court.

I

Garcia pleaded guilty, without a written agreement, to being an alien found in the Untied States after having been removed. See 8 U.S.C. § 1326(a), (b)(2). Pursuant to UNITED STATES SENTENCING GUIDELINES MANUAL ("USSG") § 2L1.2(a) (2005), the presentence investigation report ("PSR") recommended a base offense level of 8 for Garcia. Based on Garcia's prior Texas conviction for "delivery of a controlled substance" under TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), the PSR recommended a 12-level enhancement to Garcia's offense level under USSG § 2L1.2(b)(1)(B), because Garcia's prior conviction qualified as a "drug trafficking offense." The PSR also provided for a three-level reduction for acceptance of responsibility. An offense level of seventeen coupled with Garcia's criminal history category of II resulted in a guidelines range of 27-33 months imprisonment.

Garcia objected to the PSR's assessment of the statutory maximum incarceration and supervised release periods, noting that recent rulings have evidenced the Supreme Court's intent to overrule its holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998). The district court overruled this objection. At the sentencing hearing, Garcia's counsel stated that there were no objections to the 12-level enhancement, but asked the court to consider imposing a sentence at or below the low end of the guidelines range. In seeking lenience, counsel argued that Garcia's prior conviction involved a small amount of drugs, specifically stating that "although it's a drug trafficking crime, it's a $20 hand-to-hand transaction with an undercover officer."

The district court sentenced Garcia to 30-months in prison and two-years' supervised release. At sentencing, the record did not include any proof of Garcia's prior conviction other than the PSR and counsel's statements during the sentencing hearing. Garcia filed a timely notice of appeal and argues now that: (1) the district court erred in applying the 12-level enhancement because his Texas conviction does not fall within the guidelines' definition of a "drug

trafficking offense"; and (2) Section 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the statute treats prior felony and aggravated felony convictions as sentencing factors.

While the district court relied only upon the PSR and counsel's statements, the record on appeal has been supplemented to include a number of documents related to Garcia's prior conviction. Garcia supplemented the record with a copy of his Texas indictment. The government supplemented the record with copies of Garcia's state court judgment and Garcia's judicial confession.

## II

Garcia correctly concedes that because he did not object to the district court's application of § 2L1.2; review is for plain error only. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). Plain error exists when the district court: (1) commits error, (2) that is plain or obvious, and (3) that error affects the substantial rights of the defendant. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). If these three prongs are met, this court will only exercise its sound discretion to correct the error if it finds that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. We analyze the district court's error and the plainness of any error at the time of appellate consideration. See United States v. Martinez-Vega, 471 F.3d 559, 561 (5th Cir. 2006) (citing Johnson v. United States, 520 U.S. 461 (1997)). Therefore, we must determine whether the district court plainly erred in imposing the sentence enhancement based on the record before us as supplemented with the state court documents concerning Garcia's conviction. See id. at 561-62 (analyzing district court's imposition of enhancement for plain error based on appellate record as supplemented to include state court documents of conviction).[1]

---

[1] For this reason, we need not address whether the district court erred in relying solely on the PSR and counsel's statements at the sentencing hearing.

The Texas Health and Safety Code defines the term "deliver" broadly to include, inter alia, an offer to sell a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8). Based on this broad definition, we have held that § 481.112 encompasses "both conduct that does constitute a drug trafficking offense (trafficking cocaine) and conduct that does not (offering to sell cocaine)." United States v. Morales-Martinez, 496 F.3d 356, 358 (5th Cir. 2007); see United States v. Gonzales, 484 F.3d 712, 714-15 (5th Cir. 2007).[2] Garcia contends that the enhancement was improper because the court could not definitively determine whether his conviction was for trafficking, or simply for an offer to sell. Because the statute provides multiple ways to violate its terms, we must determine whether Garcia's offense of conviction under § 481.112 for unlawful delivery falls within the guidelines definition. In making this determination, a court may look beyond the statute itself to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some other comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005) (emphasis added); see United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005).

Garcia's indictment and state court judgment fall within the scope of documents a court may consider under Shepard. See Shepard, 544 U.S. at 26 (listing charging document); United States v. Ford, 509 F.3d 714, 715 (5th Cir. 2007) (noting that district court had before it the Texas state indictment and judgment). We hold today that a written judicial confession also constitutes a "comparable judicial record" under Shepard, and that it may be considered in determining whether a defendant's prior conviction constitutes a drug trafficking

---

[2] The commentary to section 2L1.2 defines "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance. . . or the possession of a controlled substance. . . with intent to manufacture, import, export, distribute or dispense." USSG § 2L1.2 cmt n.1(B)(iv).

offense under the guidelines. A Texas judicial confession is an admission made in the course of judicial proceedings by a party, "such as a confession made to an examining court before the trial." Dinnery v. State, 592 S.W. 2d 343, 352 (Tex. Crim. App. 1979). Under Texas law, a judicial confession which stipulates to the factual content in an indictment provides a strong enough evidentiary basis to support a judgment of conviction on the charge without the need for any corroborating evidence. See id. Also, Texas courts have recognized written judicial confessions as providing necessary proof of prior convictions for state sentence enhancement purposes. See, e.g., Walls v. Texas, No. 06-04-00009-CR, 2004 WL 1440619 at *4 (Tex. App.-Texarkana June 29, 2004) (unpublished). Accordingly, we regard a written judicial confession as the type of reliable and accurate judicial record the Shepard court indicated that a federal court may rely upon in an effort to determine the nature of the Texas offense to which Garcia previously pleaded guilty. Cf. United States v. Neri-Hernandes, 504 F.3d 587, 591-92 (finding that New York Certificates of Disposition have sufficient indicia of reliability to act as judicial records of a defendant's offense of conviction). Therefore, we consider the indictment, judgment, and judicial confession to determine whether Garcia's offense of conviction constitutes a drug trafficking offense.

Garcia's indictment charges him with knowing and intentional delivery, to-wit: "actua[l] transfer, constructiv[e] transfer and offer to sell a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram to S. HARRIS." The judgment states simply that the offense of conviction was unlawful delivery of a controlled substance. While the indictment charges facts in the conjunctive that would meet the definition of a drug trafficking offense, the indictment's conjunctive charge alone does not require that Garcia pleaded guilty to the facts in the conjunctive, since each charge individually could sustain a conviction for delivery under § 481.112. See Morales-Martinez, 496 F.3d at 358-360 (noting that a

Texas conviction for unlawful delivery may be sustained solely upon proof of an offer to sell, even when the indictment charges further unlawful conduct in the conjunctive).

Were we confined to the indictment and judgment alone, Garcia's sentence enhancement would be improper. However, in Garcia's case, the judicial confession clears up any ambiguity presented by the indictment and judgment. In his written judicial confession, Garcia confesses that he did "knowingly and intentionally deliver, to-wit, actually transfer, constructively transfer and offer to sell a controlled substance." (emphasis added). He also confessed that he "committed the offense with which [he] stand[s] charged exactly as alleged in the indictment in this case." Because Garcia's confession establishes that he possessed, transferred and offered to sell a controlled substance, his prior conviction qualifies as a drug trafficking offense under the guidelines. As a result, Garcia has not shown that the district court's enhancement constitutes error, plain or otherwise. Because we find no error, we need not reach the remaining elements in our plain error analysis.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Garcia challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.