# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-10965
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAVIER GUILLEN-REYES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-47-1

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Javier Guillen-Reyes (Guillen) appeals the 77-month sentence imposed following his guilty plea conviction on one count of illegal reentry. Guillen argues that the district court erred by enhancing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2006) based on the determination that his prior Texas conviction of burglary of a habitation was a crime of violence as defined by the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Guillen concedes, because he did not object to the district court's application of the enhancement, review is for plain error only. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). Plain error exists when the district court committed a clear and obvious error that affected the substantial rights of the defendant. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). This court will exercise its sound discretion to correct the error if it finds that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

The record includes a judicial confession, admitted at the sentencing hearing below without objection, in which Guillen admitted to facts that establish that he committed the offense of burglary of a habitation in a manner that is equivalent to the enumerated offense of "burglary of a dwelling." See TEX. PENAL CODE § 30.02(a)(1); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005). A written judicial confession may be relied on "in an effort to determine the nature of the Texas offense to which [the defendant] previously pleaded guilty." United States v. Garcia-Arellano, ___ F.3d ___, 2008 WL 771709 (5th Cir. Mar. 25, 2008). In view of the judicial confession, the district court did not err, plainly or otherwise, in enhancing Guillen's offense level based on his Texas conviction of burglary of a habitation. See id.

AFFIRMED.