# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-51263
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2008

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARMANDO BARRON-VILLAFAN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1395-ALL

Before GARWOOD, WIENER and GARZA, Circuit Judges.

PER CURIAM:[*]

Armando Barron-Villafan appeals the 82-month sentence imposed in October 2007 following his plea of guilty to illegally reentering the United States after being deported. His sole contention on appeal is that a 16-level increase in his advisory guidelines offense level (producing a 70-87 month advisory imprisonment range) was unlawful because his prior North Carolina conviction for possession with intent to sell and deliver marijuana was not a "drug trafficking offense" as defined by the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" Gall v. United States, 128 S. Ct. 586, 594 (2007). "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Id. at 597. This court reviews a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. See United States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005).

The Guidelines define drug trafficking to include "possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2(b)(1)(A)(I) & cmt. (n.1(B)(iv)). The district court was permitted to consider and did properly consider (in open court and without objection) Barron-Villafan's indictment and judgment to determine whether his crime fit within the guidelines definition of drug trafficking. See United States. v. Garcia-Arellano, __F.3d__, 2008 WL 771709, *2 (5th Cir. Mar. 25, 2008) (citing Shepard v. United States, 544 U.S. 13, 26 (2005)). The documents show that Barron-Villafan was convicted of (and sentenced to a three year term of imprisonment for) "possession with intent to sell and deliver" marijuana, a controlled substance, in violation of N.C. GEN. STAT. § 90-95(a)(1). There is no significant, inherent distinction between possession with intent to "deliver" and possession with intent to "distribute." United States v. Ford, 509 F.3d 714, 715 (5th Cir. 2007), petition for cert. filed (Apr. 16, 2008) (No. 07-10458). See also United States v. Palacios-Quinonez, 431 F.3d 471, 474 (5th Cir. 2005). Authorities applying a statutory definition of delivery that includes an "offer to sell" are not controlling because the relevant North Carolina statute does not criminalize an offer to sell (or offer to deliver).

Barron-Villafan was previously convicted of a drug-trafficking offense as defined by the Guidelines as possession with intent to distribute a controlled

substance.  § 2L1.2(b)(1)(A)(i) & cmt. (n.1(B)(iv)); § 90-95(a)(1).  The district court's judgment is AFFIRMED.