# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-60169
Summary Calendar

DAWIT GHEBREGZIABIHER

Petitioner

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A24 610 595

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dawit Ghebregziabiher has filed a petition for review of the denial of his motion to reconsider the decision of the Board of Immigration Appeals (BIA) affirming the denial of his applications for asylum, withholding of removal, and protection under the Convention against Torture. Because Ghebregziabiher did not file a timely petition for review of the BIA's decision affirming the denial of relief, we do not have jurisdiction to review that decision by the BIA. See 8

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1252(b)(1); see Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir. 2003). However, Ghebregziabiher did file a timely petition for review of the BIA's denial of his motion to reconsider. We have jurisdiction to review that denial. See id.; see also Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006).

The BIA's denial of a motion for reconsideration is reviewed "under a highly deferential abuse-of-discretion standard." Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). This court "must affirm the" BIA's denial of a motion for reconsideration unless this decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." Id.

A federal court does not have jurisdiction to review "'any final order of removal against an alien who is removable by reason of having committed' certain designated criminal offenses, including an aggravated felony under 8 U.S.C. § 1101(a)(43)." Larin-Ulloa v. Gonzales, 462 F.3d 456, 461 (5th Cir. 2006), quoting 8 U.S.C. § 1252(a)(2)(C). Section 1252 was amended in 2005 so as not to bar review of "'constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.'" Id. at 461 (quoting 8 U.S.C. § 1252(a)(2)(D)). Because the question whether Ghebregziabiher is removable based on committing an aggravated felony is a legal one, this court has jurisdiction to review his petition. See Rodriguez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005).

Ghebregziabiher argues that the immigration judge erred in finding that his prior Texas conviction for delivery of a controlled substance was an aggravated felony. He argues that his prior conviction could not be considered an aggravated felony. The record contains a copy of the state indictment and judgment which specify that Ghebregziabiher unlawfully and knowingly delivered less than one gram of cocaine by actual transfer in violation of Texas law. See Tex. Health & Safety Code Ann. § 481.112(a). The state court deferred

adjudication and placed him on community supervision for five years. A deferred adjudication is a conviction for immigration purposes. See Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 334-35 (5th Cir. 2004).

A conviction for delivery of a controlled substance under Section 481.112(a) of the Texas Health and Safety Code is a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B). United States v. Garcia-Arellano, 522 F.3d 477, 481 (5th Cir. 2008). In that case, we found that a judicial confession may be considered in determining the nature of the offense for purposes of the Sentencing Guidelines. Id. We know that Ghebregziabiher's prior conviction was for delivery of cocaine by actual transfer. This information comes from the indictment and judgment of deferred adjudication, documents which are properly viewed when determining the nature of a prior conviction. Id. at 480. The BIA therefore did not err in finding that Ghebregziabiher's conviction was an aggravated felony for immigration purposes.

As an alien convicted of an aggravated felony, Ghebregziabiher was correctly found to be removable. See 8 U.S.C. § 1227(a)(2)(A)(iii). In addition, the finding that Ghebregziabiher is removable as an aggravated felon limits this court's jurisdiction to review other issues. See Id. § 1252(a)(2)(C). There has been no showing that the BIA's denial of his motion for reconsideration was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." See Singh, 436 F.3d at 487.

Ghebregziabiher's petition for review is DENIED.