**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40433
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO ALBERTO GARCIA-BALDERAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-1227-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mario Alberto Garcia-Balderas appeals his 77-month sentence of imprisonment following his guilty-plea conviction for illegal reentry following deportation. Garcia-Balderas contends that the district court erred in calculating the advisory guidelines sentencing range when the district court imposed a 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A), based on a prior state conviction. The district court based the adjustment on Garcia-Balderas's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas state conviction for delivery of marijuana in amount of more than 50 pounds but less than 200 pounds, or a Texas state conviction for aggravated assault.

Garcia-Balderas has failed to establish plain error because the evidence with which the government supplemented the record on appeal demonstrates that Garcia-Balderas was convicted of delivery by actual transfer of marijuana, an offense that qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A). *See United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir.), *cert. denied*, 129 S. Ct. 353 (2008); *United States v. Gonzales*, 484 F.3d 712, 714-15 (5th Cir.), *cert. denied*, 127 S. Ct. 3031 (2007). As Garcia-Balderas failed to demonstrate plain error in the application of the enhancement on the basis of the drug offense, we do not consider the other possible basis for the enhancement, viz., the aggravated assault. *See United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006).

AFFIRMED.