**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50945
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONRRADO ADAME-ROMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-19-1

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Conrrado Adame-Roman appeals the 36-month sentence imposed in September 2008 following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1)(2). Adame-Roman argues that the district court erred in imposing an upward variance from the advisory guidelines range of 15 to 21 months of imprisonment. He contends that the district court impermissibly re-characterized his prior state drug offense as a drug-trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense and that the district court's "reliance on its own resistance to this Court's precedents" constitutes plain error. He contends that the district court therefore erred by considering an improper factor under 18 U.S.C. § 3553. Essentially, he argues that his non-guidelines sentence is unreasonable.

Because Adame-Roman did not ever object below to anything done or said at the sentencing hearing, to the September 10, 2008 PSR or to the reasonableness of the sentence imposed, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *Id.* When those elements are met, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

The prior conviction in question was an April 2005 Texas guilty plea conviction for delivery of a controlled substance for which the original sentence was three years' deferred adjudication probation; in January 2006 his probation was revoked and Adame-Roman was sentenced to six years' imprisonment. He was released on parole on April 2, 2007 (parole term to expire January 2012) and was deported to Mexico on April 28, 2007 (he thereafter reentered the United States without permission and was found therein in December 2007).

The PSR reflects the Texas information to which Adame-Roman plead guilty alleged that on January 23, 2003, he did ". . . intentionally or knowingly deliver, by constructive transfer, to Raul Luna, a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams; intentionally or knowingly deliver, by actual transfer, to Raul Luna, a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams; intentionally or knowingly deliver, by offer to sell, to Raul Luna, a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams. . . ." The PSR goes on to state respecting this conviction: "According to the stipulation of evidence and judicial confession section in

2

defendant's plea agreement, Adame-Roman in open Court and under oath, judicially confesses to the offense(s) alleged in the indictment or complaint and information and admits that he/she committed each and every element alleged in the complaint and information and that he was guilty as charged. The defendant pleads true to enhancement allegations and special issues."

At sentencing the district court expressly accepted the PSR's calculation of the adjusted offense level as 10, and criminal history category of IV, with resulting advisory guideline range of 15 to 21 months' imprisonment (the district court did correct the PSR's misstatement of the statutory maximum sentence). The court observed that under Texas law the offense of delivery of a controlled substance under Texas Health & Safety Code § 481.112(a) could be committed by offering to sell as well as by actual or constructive transfer, *id*. at § 481.002(8),[1] and that this court had held that as a categorical matter a delivery conviction under section 481.112(a) could not be considered "a drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i), as defined in Application Note 1(B)(iv), *unless* the state record appropriately reflected that the conviction was *not* based merely on an offer to sell. The district court recognized that in *United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008), this court held that a written judicial confession that expressly and specifically stated that the

---

[1]Texas Health & Safety Code § 481.112(a) provides:
"Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1 [which includes cocaine]."

Section 481.002(8) states that:
"'Deliver' means to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia."

defendant did "actually transfer, constructively transfer *and* offer to sell controlled substance" (emphasis added), sufficed to show that the offense qualified as a "drug trafficking offense" under section 2L1.2(b)(1)(A)(i), but distinguished that decision because there "the defendant actually in the written judicial confession confessed to actually transferring, constructively transferring and offering to sell drugs" while "in this case the defendant just admits to the allegations contained in the information." So, the district court said, that although that specific guidelines issue was "resolved in the defendant's favor; but I can also take that into account in determining whether the guidelines are appropriate. So its kind of a little bit of both." At the conclusion of the sentencing hearing, the district court, just before pronouncing the sentence, observed as follows:

> "I look at your background; and it's very troubling and very troubling and very disturbing. I'm also disturbed by the fact that unfortunately based on Fifth Circuit law your [Texas] delivery case doesn't count as a delivery case even though that's what it actually was.
>
> So based on the history and characteristics of the defendant, the true seriousness of the offense, based on the delivery charge that can't count as a drug trafficking offense, the need to promote respect for the law and the need to provide just punishment the Court finds that the advisory guidelines [15-21 months] are not adequate and that a fair and reasonable sentence can only be achieved by a sentence selected from outside of the advisory range."

The district court did not clearly or obviously err in saying that defendant's Texas conviction was a conviction for delivery under section 481.112 and that under Texas law it was actually a delivery case. Nor do we see anything clearly or obviously unreasonable in the district court's implicit conclusion that defendant's Texas offense though not quite "a drug trafficking offense" under section 2L1.2(b)(1)(A)(i), nevertheless had some substantial similarities thereto relevant to the seriousness of the offense. *See, e.g.*, *U.S. v. Ford*, 509 F.3d 714, 715, 717 (5th Cir. 2007) (Texas offense of "possesses with

4

intent to deliver a controlled substance" under section 481.112(a) "is indistinguishable from the offense of 'possession with intent to distribute,' one of the offenses listed in USSG's definition of a controlled substance offense;" distinguishing case where the Texas conviction was for "just delivery"). *See also Vasquez-Martinez v. Holder*, 564 F.3d 712, 717-19 (5th Cir. 2009). *And see* U.S.S.G. Amendment 722, effective November 1, 2008, which "*clarifies* that an 'offer to sell' a controlled substance is a 'drug trafficking offense' for purposes of subsection (b)(1) of § 2L1.2 . . ." (emphasis added). And, it is neither plain nor obvious that the district court's 36 month sentence either amounts to essentially or practically the same thing as treating appellant's Texas § 481.112(a) conviction as being "a drug trafficking offense" under section 2L1.2(b)(1)(A)(i) *or* constitutes an unreasonably harsh sentence. As appellant correctly admits (brief, p.14), the appropriate guideline range for him, considering his Texas section 481.112(a) conviction as "a drug trafficking offense" under section 2L1.2(b)(1)(A)(i) would have been 63 to 78 months.[2]

The district court in this case properly calculated the sentencing guideline range but concluded that a sentence within that range would be insufficient to achieve specific sentencing objectives in light of § 3553(a). The district court provided specific reasons for varying upward from the guidelines range, including Adame-Roman's prior state court drug conviction.

In *U.S. v. Tzep-Mejia*, 461 F.3d 522 (5th Cir. 2006), we upheld an analogous approach to that taken by the district court here.

We previously have noted that a district court may rely upon a factor already incorporated into the guidelines range to justify a non-guidelines sentence, *see United States v. Williams*, 517 F.3d 801, 811 & n.55 (5th Cir. 2008),

---

[2]See § 2L1.2, application note 1(B)(vii). "The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release." Here on revocation of probation or parole appellant was sentenced to six years by the Texas court.

and may impose a non-guidelines sentence based upon its dissatisfaction with the guidelines sentencing range. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). In this case, we defer to the district court's determination that its variance is justified by application of the § 3553(a) factors. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Williams*, 517 F.3d at 808-13. Further, the extent of the variance at issue in this case is consistent with other sentences that this court has affirmed. *See, e.g., Brantley*, 537 F.3d at 348-50; *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006).

Accordingly, the district court's judgment is AFFIRMED.