**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-51309
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALEJANDRO OLIVO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-191-ALL

Before REAVLEY, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Carlos Alejandro Olivo appeals his enhanced sentence following a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Olivo argues that the district court plainly erred by sentencing him as an armed career criminal because one of the convictions used to enhance his sentence, a 1992 Texas conviction for burglary of a habitation, is not a violent felony within the meaning of § 924(e)(1). He also argues that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 922(g) is unconstitutional under *United States v. Lopez*, 514 U.S. 549 (1995); however, he properly concedes that this issue is foreclosed by this circuit's precedent. *See United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

In response to Olivo's challenge to the propriety of his enhanced sentence, the Government has supplemented the record with a written stipulation of testimony entered by Olivo in connection with his guilty plea to the 1992 burglary charge. *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir.), *cert. denied*, 129 S. Ct. 353 (2008). Olivo's stipulation makes it clear that his prior offense was a violent felony under the Armed Career Criminal Act. *See United States v. Constante*, 544 F.3d 584, 585-87 (5th Cir. 2008); TEX. PENAL CODE ANN. § 30.02(a)(1), (3) (Vernon 1989).

AFFIRMED.