# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2010

No. 09-20224
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR ALMAZAN-MARTINEZ, also known as Salvador Martinez Almazan, also known as Ciro Diaz Arrellano, also known as Fernando Diaz, also known as Ciro Ordonez Diaz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-685-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Salvador Almazan-Martinez pleaded guilty to violating 8 U.S.C. § 1326 by illegally reentering the United States. Finding that Almazan-Martinez had a prior Texas conviction for burglary of a habitation, the district court enhanced his base offense level because he had been convicted of a felony crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence.[1] The court sentenced Almazan-Martinez to a below-guidelines term of 48 months' imprisonment.

In the district court, Almazan-Martinez contended that the enhancement was improper because Texas's definition of habitation was broader than the generic concept of dwelling encompassed by the guidelines and thus his conviction was not for a crime of violence. Almazan-Martinez has not reiterated that argument on appeal; he instead contends that his Texas crime was not even burglary. He asserts the government did not show that he did not consider himself an invitee on the premises or that he intended to take anything other than items belonging to him.

Because the arguments Almazan-Martinez now advances were not first presented to the district court, our review is for plain error only.[2] To demonstrate plain error, Almazan-Martinez must show a forfeited error that is obvious and that affects his substantial rights.[3] If the he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4]

The guidelines provide for an increase of 16 levels in the offense level for unlawfully entering or remaining in the United States if the defendant was previously convicted of a crime of violence.[5] The commentary specifically enumerates several offenses that qualify as crimes of violence, including the burglary of a dwelling.[6] Under Texas law, a person commits burglary if he

---

[1] *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[2] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 192 (2009).

[3] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[4] *Id.*

[5] § 2L1.2(b)(1)(A)(ii).

[6] § 2L1.2 cmt. n.1(B)(iii).

enters a building closed to the public, or a habitation, without the consent of the owner and with the intent to commit a felony, theft, or an assault.[7] Burglary of a habitation under Texas law qualifies as a crime of violence as defined in the guidelines.[8]

In determining whether a prior offense is a crime of violence, we look to the elements of the offense as defined by statute rather than to the facts of the defendant's conduct.[9] In making that determination, we may consider certain adjudicative records, such as the state indictment and the state court judgment of conviction.[10]

Almazan-Martinez's Texas indictment charged that he had "unlawfully, with intent to commit theft, enter[ed] a habitation owned by" another and without that person's consent. This matches the language used to define the Texas crime of burglary of a habitation—a crime of violence—which proscribes entry into "a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault."[11] Further, at rearraignment Almazan-Martinez admitted the truth of the Government's recitation of the factual basis for his plea, which included a description of his Texas conviction for the offense of burglary of a habitation with intent to commit theft.

---

[7] *See* TEX. PENAL CODE § 30.02(a)(1).

[8] *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005).

[9] *United States v. Carbajal-Diaz*, 508 F.3d 804, 807-08 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1731 (2008).

[10] *See United States v. Garcia-Arellano*, 522 F.3d 477, 480-81 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 353 (2008).

[11] TEX. PENAL CODE § 30.02(a)(1).

The district court did not commit error, much less plain error, in imposing Almazan-Martinez's sentence.[12]  The judgment is AFFIRMED.

---

[12] *See Puckett*, 129 S. Ct. at 1429.