# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 6, 2010

Lyle W. Cayce
Clerk

No. 10-40065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ODETT GONZALEZ DE MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-762-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Odett Gonzalez De Morales ("Gonzalez") appeals the sentence imposed after she pleaded guilty to being in the United States illegally after deportation in violation of 8 U.S.C. § 1326. She asserts in a conclusional manner that the district court committed plain error by imposing a 16-level increase in her offense level for a prior drug-trafficking felony and by counting that felony against both her offense level and her criminal history score.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly relied on written judicial confessions to conclude that Gonzalez committed at least one drug-trafficking felony as required to support the 16-level increase under U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(i) (2009). *See United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008). Gonzalez's double-counting argument is foreclosed because double counting is barred only where it is prohibited by a specific Guideline. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001) (relying on confession to clarify "any ambiguity presented by the indictment and judgment"). The Guidelines expressly allow consideration of a prior conviction in both the offense level and the criminal history score. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2, cmt. n. 6.

Gonzalez also asserts that § 1326(b)'s treatment of prior convictions as sentencing factors is unconstitutional. This issue "is fully foreclosed from further debate" and provides no legitimate basis for an appeal. *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). The judgment of the district court is AFFIRMED.