# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

Lyle W. Cayce
Clerk

No. 09-10958
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO MARTINEZ-PADRON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-57-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Adolfo Martinez-Padron (Martinez) appeals the 36-month sentence imposed following his guilty plea conviction of illegal reentry. Martinez argues that the district court improperly enhanced his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(D) based on its determination that his prior Texas conviction for cocaine possession was a felony as defined by the Sentencing Guidelines. More specifically, Martinez contends that the district court erred because its conclusion that his prior state conviction was for a felony offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relied exclusively upon the characterization of his offense in the presentence report.

Martinez did not object to the characterization of his prior conviction as a felony or challenge the imposition of the four-level enhancement under § 2L1.2(b)(1)(D). Accordingly, we review only for plain error. *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008). Our determination whether there is error is "based on the record before us as supplemented with the state-court documents" related to Martinez's prior conviction. *Id.*

Guideline § 2L1.2 provides for a four-level increase if the defendant has been previously convicted of a felony offense. § 2L1.2(b)(1)(D). State-court documents for Martinez's prior conviction, with which the Government has supplemented the record on appeal, show that Martinez pleaded guilty to possession of less than one gram of cocaine, a violation of TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). This offense is a state jail felony punishable by no less than 180 days nor more than two years in prison. *See* § 481.115(b); TEX. PENAL CODE ANN. § 12.35(a). Accordingly, the offense qualifies as a "felony" for purposes of § 2L1.2. § 2L1.2, comment. (n.2); *United States v. Rivera-Perez* 322 F.3d 350, 352 (5th Cir. 2003). The application of the four-level enhancement was not error, plain or otherwise.

AFFIRMED.