# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2011

Lyle W. Cayce
Clerk

No. 10-10473
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANDRES ALFREDO ESCOBAR-SORIANO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-165-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Andres Alfredo Escobar-Soriano appeals his sentence of 57-months'
imprisonment, following his guilty-plea conviction for illegal reentry following
deportation, in violation of 8 U.S.C. § 1326. At sentencing, the district court
assessed a 16-level enhancement under Guideline § 2L1.2(b)(1)(A)(i), after
determining Escobar was previously deported following a felony conviction for
possession, with intent to distribute, methamphetamine and aiding and
abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, for which he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentenced to 42 months' imprisonment.  Escobar contends the district court lacked sufficient evidentiary basis for finding he had sustained this prior conviction.

According to Escobar, the district court plainly erred in applying the § 2L1.2(b)(1)(A)(i) enhancement because: it lacked judicial records establishing his prior conviction; and it could not apply the enhancement based solely on the presentence investigation report's characterization of the conviction.  Escobar contends the court's application of this § 2L1.2(b)(1)(A)(i) enhancement, and the resulting increase of his sentence beyond § 1326(b)'s statutory maximum of two years' imprisonment, was plainly erroneous in the light of the lack of proof of his prior conviction.

As Escobar concedes, he failed to object on this ground at sentencing.  Therefore, review is only for plain error.  *See, e.g.*, *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008).  To show reversible plain error, Escobar must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If reversible plain error is shown, our court retains discretion to correct it and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Our court granted the Government's unopposed motion to supplement the appellate record with a certified copy of the indictment, plea agreement, factual résumé, and criminal judgment from Escobar's prior felony drug-trafficking offense, case no. 4:00-CR-041-E(02), from the Northern District of Texas.  In determining whether the district court committed reversible plain error, we consider the appellate record supplemented with those documents.  *See Garcia-Arellano*, 522 F.3d at 480.

Escobar admitted in his motion for a downward variance in district court that, he had been "convicted of a federal drug offense", resulting in his deportation in 2003.  Moreover, he has *not* contended, here or in the district

court, that he was not the person convicted in case no. 4:00-CR-041-E(02).  Based on the record on appeal, as supplemented, Escobar has failed to show plain error.

AFFIRMED.