# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

No. 11-30895
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO RAMOS-MARRUFO, also known as Gilberto Ramos-Marrufa, also known as Gilberto Ramos, also known as Gilberto Marrufo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-112-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gilberto Ramos-Marrufo pleaded guilty to illegal reentry, and the district court sentenced him within the advisory guidelines range to 46 months of imprisonment. Ramos-Marrufo's total offense level was enhanced by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on the district court's determination that his prior Illinois conviction for unlawful delivery of a controlled substance amounted to a drug trafficking offense for which the sentence imposed exceeded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

13 months of imprisonment.  The presentence report (PSR), to which Ramos-Marrufo did not object and which the district court adopted, provided that in 2003, Ramos-Marrufo was convicted in Illinois of one count of unlawful delivery of a controlled substance and one count of criminal drug conspiracy.

For the first time on appeal, Ramos-Marrufo argues that the district court erred by relying solely on the PSR to conclude that his prior unlawful delivery of a controlled substance conviction was a drug trafficking offense under § 2L1.2(b)(1)(A)(i) because the Illinois statute under which he was convicted prohibits the unlawful delivery of controlled substances, their analogs, or counterfeit substances.  Because he failed to object to the 16-level enhancement in the district court, review is for plain error.  *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008).

A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights.  *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).  When those elements are shown, we have the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).  The Government has supplemented the record on appeal with an indictment and judgment documenting Ramos-Marrufo's prior delivery and conspiracy convictions.  "Therefore, we must determine whether the district court plainly erred in imposing the sentence enhancement based on the record before us as supplemented with the state court documents concerning [Ramos-Marrufo's] conviction[s]." *Garcia-Arellano*, 522 F.3d at 480.

Ramos-Marrufo's state court papers reveal that although his prior delivery conviction involved either cocaine or its analog, his prior conspiracy conviction involved actual cocaine.  He was sentenced to eight years and six months of imprisonment on both counts.  Because Ramos-Marrufo's prior conspiracy conviction was a "drug trafficking offense for which the sentence imposed exceeded 13 months," he has not demonstrated that the district court plainly

erred by applying the 16-level enhancement.  *See Ellis*, 564 F.3d at 377.  The judgment of the district court is AFFIRMED.