# THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2013

Lyle W. Cayce
Clerk

No. 13-20063
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EFRAIN VEGA-ALVARADO, also known as Jose Efrain Vega, also known as Jose E. Vega, also known as Humberto Calderon,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-528-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Efrain Vega-Alvarado (Vega) appeals his guilty plea conviction and 56-month sentence for being found unlawfully present in the United States following deportation after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2). The district court enhanced Vega's sentence based upon its finding that his prior California conviction for lewd acts with a child

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the age of 14 was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). Vega argues that the offense for which he was convicted did not qualify as a crime of violence because the statute under which he was convicted was overly broad.

Vega preserved this error; accordingly, we "review the district court's application of the Guidelines *de novo* and its factual findings for clear error." *United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009) (internal quotation marks and citation omitted). In 2001, Vega was convicted under CAL. PENAL CODE ANN. § 288(a). Consistent with the plain-meaning approach we adopted in *United States v. Rodriguez*, 711 F.3d 541, 552 (5th Cir. 2013) (en banc), his conviction was for the enumerated offense of sexual abuse of a minor and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii). *See* § 2L1.2, comment. (n.1(B)(iii)); *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005). Vega cannot, therefore, demonstrate that the district court committed error. *See Neal*, 578 F.3d at 273.

Because the above analysis is dispositive, we need not address Vega's arguments related to the modified categorical approach.

The judgment of the district court is AFFIRMED.