# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

No. 13-11205
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JUAN DIAZ-DAMIAN,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas
No. 3:12-CR-433-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Diaz-Damian appeals the sentence imposed following his guilty-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea conviction of illegal reentry after removal from the United States. He contends that the district court plainly erred in imposing a sixteen-level enhancement under U.S. Sentencing Guidelines § 2L1.2(b)(1)(A), using the Presentence Report ("PSR") and an abstract of judgment to establish that he had a California conviction for lewd or lascivious acts with a child under California Penal Code § 288(a). He asserts that this court has held that the PSR and an abstract of judgment do not fall within the class of documents that may be used to establish a conviction for purposes of the enhancement.

As Diaz-Damian concedes, because he failed to object to the district court's reliance on the PSR and abstract of judgment in district court, this issue is reviewed only for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The facts of this case do not implicate *Taylor v. United States*, 495 U.S. 575 (1990), or *Shepard v. United States*, 544 U.S. 13 (2005). A district court may consider certain non-*Shepard* state adjudicative documents to determine the existence of a conviction. *See United States v. Neri-Hernandes*, 504 F.3d 587, 591-92 (5th Cir. 2007); *see also United States v. Moreno-Florean*, 542 F.3d 445, 450 n.1 (5th Cir. 2008) ("California abstracts of judgment have sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of a prior conviction.").

The district court did not plainly err in relying on the abstract of judgment to determine the existence of the conviction. *See Neri-Hernandes*, 504 F.3d at 591−92; *see also Moreno-Florean*, 542 F.3d at 449 & n.1. Although this

evidence is rebuttable, Diaz-Damian did not present any evidence calling into question the reliability of the abstract of judgment, and he does not dispute that he was convicted under Section 288(a). Therefore, the district court's reliance on the abstract of judgment to establish the existence of the conviction was not error. *See Neri-Hernandes*, 504 F.3d at 591-92; *see also Moreno-Florean*, 542 F.3d at 449 & n.1.

In addition, the government has supplemented the appellate record with documents, acceptable under *Shepard*, that establish the California conviction. Thus, there is no error, plain or otherwise. *See United States v. Garcia-Arellano*, 522 F.3d 477, 480−82 & n.1 (5th Cir. 2008); *see also United States v. Escalante-Reyes*, 689 F.3d 415, 422−23 (5th Cir. 2012) (en banc).

Moreover, Diaz-Damian has not shown that any error affected his substantial rights. A conviction under Section 288(a) constitutes sexual abuse of a minor for purposes of the sixteen-level enhancement under § 2L1.2. *See United States v. Vega-Alvarado*, 548 F. App'x 134, 134−35 (5th Cir. 2013); *see also United States v. Jerez*, 542 F. App'x 379, 379 (5th Cir. 2013). Diaz-Damian does not dispute that he was convicted under Section 288(a) or that a conviction under that statute is sexual abuse of a minor under § 2L1.2. He cannot show that there is a reasonable probability that, but for the district court's alleged error in relying on the abstract of judgment, he would have received a lesser sentence. *See Puckett*, 556 U.S. at 135; *United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006) (holding that without claiming that the sentencing enhancement was ultimately wrong, the defendant cannot show that he would have received a lesser sentence).

AFFIRMED.