# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40849
c/w No. 15-40859

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

PEDRO JUAN-SOLANO,

      Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-2-1
USDC No. 1:14-CR-885-1

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

    Appellant Pedro Juan-Solano pled guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326. The district court sentenced him to 54 months imprisonment followed by three years of supervised release. Juan-Solano also received an additional 8-month sentence for violating the conditions of his term of supervised release. For the first time on appeal, Juan-Solano argues that

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40849 c/w No. 15-40859

the district court erroneously assessed an extra criminal history point for a 2008 conviction. Because Juan-Solano did not object below, he must satisfy the four prongs of plain error review:

> First, there must be an error or defect—some sort of "[d]eviation from a legal rule"—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[1]

Juan-Solano cannot prevail under this standard of review. As the Government notes, the record is equivocal regarding the number of days in jail that Juan-Solano served for the 2008 conviction.[2] That is, any error is not "clear or obvious." And "in asking us to exercise our discretion, [Juan-Solano] points to nothing beyond the district court's error and the increase in h[is] sentence that the error may have caused."[3] We remind that this Court has warned that such a "*per se* fourth-prong argument" is insufficient as a matter of law.[4] But regardless, we are not persuaded that the alleged error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

We AFFIRM the district court.

---

[1] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alterations in original) (citations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732-34, 736 (1993)).

[2] *See United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008) ("We analyze the district court's error and the plainness of any error at the time of *appellate* consideration." (emphasis added)).

[3] *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015); *see also United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) ("[W]e do not view the fourth prong as automatic if the other three prongs are met.").

[4] *Rivera*, 784 F.3d at 1018.