United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60503
Summary Calendar

JOAQUIN MARTINEZ-LOPEZ,

                                        Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

Petition for Review from an Order of the
Board of Immigration Appeals

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Joaquin Martinez-Lopez, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident alien on September 18, 1983.  On October 11, 1999, Martinez-Lopez pleaded guilty in Texas state court to possession of less than one gram of cocaine, a felony under state law.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp. 1999).  The court granted Martinez-Lopez deferred adjudication, placing him on probation.

Based on the criminal conviction, the Department of Homeland

Security began removal proceedings against Martinez-Lopez in 2004. On January 25, 2005, an immigration judge found that Martinez-Lopez's 1999 drug conviction rendered him removable as an alien convicted of a controlled substances violation and as an alien convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(B)(i) & (a)(2)(A)(iii) (2000). The judge also found that the conviction rendered him ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3) (Supp. V 2005) (prohibiting the Attorney General from canceling the removal of a permanent resident if the permanent resident has been convicted of an aggravated felony). The Board of Immigration Appeals adopted and affirmed the immigration judge's decision with a brief explanatory order.

Martinez-Lopez challenges his removal on three grounds. First, he argues that because the state conviction would be punishable as a misdemeanor under federal law, it should not be treated as an aggravated felony for removal purposes.[1] This argument is foreclosed by *United States v. Hernandez-Avalos*, 251 F.3d 505, 508-10 (5th Cir. 2001). Second, Martinez-Lopez argues that construing his conviction as an aggravated felony violates the

---

[1] The Supreme Court has granted certiorari to consider this issue. *Lopez v. Gonzalez*, 714 F.3d 934 (8th Cir. 2005), *cert. granted*, 126 S. Ct. 165 (U.S. Apr. 03, 2006) (No. 05-547). Until the Court issues a decision, we are bound by existing Fifth Circuit precedent. *Martin v. Medtronic, Inc.*, 254 F.3d 573, 577 (5th Cir. 2001) ("[A] panel of this court can only overrule a prior panel decision if such overruling is unequivocally directed by controlling Supreme Court precedent.") (internal quotation and citation omitted).

2

due process and equal protection guarantees of the Constitution. These constitutional arguments are foreclosed by *Salazar-Regino v. Trominski*, 415 F.3d 436, 450-52 (5th Cir. 2005). Third, Martinez-Lopez argues that construing the conviction as an aggravated felony violates international law. The government concedes that this is an issue of first impression.[2]

Martinez-Lopez argues that his removal violates two treaties, the Convention on the Rights of the Child ("CRC") and the International Covenant on Civil and Political Rights ("ICCPR"). The United States has not ratified the CRC, and, accordingly, the treaty cannot give rise to an individually enforceable right. *The Amiable Isabella*, 19 U.S. (6 Wheat.) 1, 72 (1821) (a treaty requires "a formal ratification"); *Garza v. Lappin*, 253 F.3d 918, 925 (7th Cir. 2001) (explaining that when the United States has signed, but not ratified, an international agreement, the agreement "does not yet qualify as one of the 'treaties' of the United States that creates binding obligations"). In addition, this Court cannot grant relief under the ICCPR because it is not a self-executing treaty. *Beazley v. Mitchell*, 242 F.3d 248, 267 (5th Cir. 2001).

Martinez-Lopez also argues that customary international law, including principles in the Universal Declaration of Human Rights,

---

[2]This defeats the government's argument that this Court lacks jurisdiction over the petition. *See* 8 U.S.C. § 1252(a)(1)(D) (allowing judicial review of removal proceedings when "questions of law" are raised).

prevents his removal.  International customs, however, cannot override congressional intent as expressed by statute.  *Sosa v. Alvarez-Machain*, 542 U.S. 692, 731 (2004) (holding that Congress may "shut the door to the law of nations" either "explicitly, or implicitly by treaties or statutes that occupy the field"); *Bradvica v. INS*, 128 F.3d 1009, 1024 n.5 (7th Cir. 1997) ("[C]ustomary international law is not applicable in domestic courts where there is a controlling legislative act, such as the statute here.").  Given that Martinez-Lopez is directly challenging a statute, he cannot appeal to customary international law.

The petition for review is DENIED.