United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60936
Summary Calendar

RAUL SEGOVIA-PLATA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A41-277-069
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Raul Segovia-Plata (Segovia) filed a 28 U.S.C. § 2241 petition challenging decisions of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's determination that he is not eligible for relief from cancellation under former § 212(c) of the Immigration and Nationality Act and denying his motion to reopen the proceedings. The United States District Court for the Southern District of Texas transferred Segovia's § 2241 petition to this court. See Jama v. Gonzales, 431 F.3d 230, 232 (5th Cir. 2005); Rosales v. Bureau of Immigration and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006).

Segovia argues that he is not subject to removal because the definition of "conviction" in the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) cannot constitutionally be applied to his deferred adjudication. Segovia's deferred adjudication falls clearly under the IIRIRA's definition of conviction, and the application of that definition does not violate his constitutional rights. See Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 330 (5th Cir. 2004); Moosa v. Immigration and Naturalization Service, 171 F.3d 994, 1001-02 (5th Cir. 1999); 8 U.S.C. § 1101(a)(48)(A).

Segovia's alternative argument that he is eligible for § 212(c) relief from removal under 8 C.F.R. § 1003.44(b) is unavailing because Segovia was convicted of an aggravated felony, as that term was defined when his request for § 212(c) relief was adjudicated. Salazar-Regino v. Trominski, 415 F.3d 436, 447 (5th Cir. 2005), petition for cert. filed (Dec. 22, 2005) (No. 05-830); 8 C.F.R. § 1003.44(c).

Segovia's second alternative argument that his offense for simple possession, which was only a misdemeanor under federal law, is not a "drug-trafficking" crime, and, therefore, not an aggravated felony under 8 U.S.C. § 1101(a)(43) or 18 U.S.C. § 924(c) is also unavailing. Segovia's contention that the retroactive application of this court's interpretation of

§ 1101(a)(43)(B) in United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), to define his state-court offense as a drug trafficking offense violates the Ex Post Facto, Due Process, and Equal Protection Clauses was squarely rejected by this court in Salazar-Regino, 415 F.3d at 448-49, 451-52. One panel of this court may not overrule another. See id. at 448; Williams v. Blazer Fin. Servs., Inc., 598 F.2d 1371, 1374 (5th Cir. 1979).

This court has also rejected Segovia's argument that the deportation, resulting exile, and permanent separation from an alien's family violates the International Covenant on Civil and Political Rights (ICCPR), the Convention on the Rights of the Child (CRC), and the Universal Declaration of Human Rights (UDHR). See Martinez-Lopez v. Gonzales, 454 F.3d 502-03 (5th Cir. 2006).

Accordingly, Segovia's petition for review is DENIED.