United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60599
Summary Calendar

_____

JOAO VIEIRA DE ANDRADE DA SILVA, also known as Joao Dasilva,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A46 150 385
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cape Verde citizen Joao Vieira De Andrade Da Silva appeals
from the decision of the Board of Immigration Appeals (BIA)
dismissing his appeal from the removal order issued by the
Immigration Judge (IJ).  Da Silva contends that Immigration and
Customs Enforcement (ICE) did not present adequate documentation
of his crack cocaine conviction; that the stop-time rule of 8
U.S.C. § 1229b(d)(1) is inapplicable to him because his
conviction did not result in a sentence of more than six months
of imprisonment; that the BIA's interpretation of 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1182(a) is arbitrary and capricious; that the BIA's statutory interpretation renders his removal an abuse of discretion; that his removal would constitute a fundamental miscarriage of justice; that he is entitled to cancellation of removal under the International Covenant for Civil and Political Rights (ICCPR) and other customary international law; that his case implicates the Fourth, Fifth, Sixth, and Eighth Amendments; and that he was deprived of an adequate understanding of his proceeding before the IJ because no interpreter was appointed for him.

Counsel conceded that Da Silva had been convicted of a crack cocaine offense. That concession is binding on Da Silva. See Matter of Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986). Moreover, the record contains adequate evidence of Da Silva's conviction.

The statutory provision on which Da Silva relies for his contention that the stop-time rule does not apply to him is applicable only to crimes of moral turpitude; it is inapplicable to controlled substance offenses. See § 1182(a)(2)(A)(ii). Because Da Silva's February 24, 2003, offense occurred less than seven years after his June 13, 1997, admission to the United States, he is ineligible for cancellation of removal. See § 1229b(a), (d)(1). The BIA's application of the relevant statutes to Da Silva's case was straightforward and consistent with the expressed intent of Congress. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984), and

therefore was not arbitrary and capricious.  Moreover, the gross miscarriage of justice standard is inapplicable to petitions seeking direct review of removal orders.  <u>See generally</u>, <u>Ramirez-Molina v. Ziglar</u>, 436 F.3d 508, 514 (5th Cir. 2006).

It is unclear whether the BIA had jurisdiction to review Da Silva's ICCPR argument.  In any event, we cannot grant him relief on the basis of the ICCPR.  <u>See</u> <u>Martinez-Lopez v. Gonzales</u>, 454 F.3d 500, 502-03 (5th Cir. 2006).

Da Silva has failed to brief any arguments arising under the Fourth, Fifth, Sixth, or Eighth Amendments.  <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).  He failed to exhaust his claim that he was deprived of an adequate understanding of his proceeding before the IJ because no interpreter was appointed.  <u>See</u> <u>Goonsuwan v. Ashcroft</u>, 252 F.3d 383, 390-91 (5th Cir. 2001).

PETITION DENIED.