**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-40319

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BILLY MACKEY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-517-ALL

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Billy Mackey pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). He now appeals his sentence, claiming that the district court erred in classifying his prior Texas state conviction for assault on a public servant as a crime of violence. Finding no reversible error, we affirm Mackey's sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

A grand jury indicted Mackey for a sole count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). He pleaded guilty to the offense. Mackey's pre-sentence report categorized his prior Texas state conviction for assault on a public servant under Texas Penal Code § 22.01 as a "crime of violence" pursuant to section 4B1.2 of the United States Sentencing Guidelines (the "Guidelines"). Mackey received a base offense level of 24 pursuant to section 2K2.1(a)(2) of the Guidelines because he possessed a firearm after two or more felony convictions for either a controlled substance offense or a section 4B1.2(a) crime of violence.[1] Mackey objected to various portions of the pre-sentence report, including the one objection relevant to the instant appeal, that his prior state conviction was not a crime of violence. In overruling the objection, the district court determined that the Texas offense was a crime of violence because it involved "serious risk of physical injury to another." The court imposed a Guidelines sentence of 98 months imprisonment to be followed by three years of supervised release. Mackey objected to this sentence and timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

We review *de novo* a district court's application of the Guidelines, including its determination that a prior conviction is a crime of violence.[2]

### B. Claimed Sentencing Error

Under Texas Penal Code § 22.01, assault has a three-pronged definition:

(a) A person commits [assault] if the person:

---

[1] *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.1 cmt. n.1 (2008) (referencing section 4B1.2(a) for the relevant definition of "crime of violence").

[2] *United States v. Herrera-Montes*, 490 F.3d 390, 391 (5th Cir. 2007).

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.[3]

Mackey was not convicted of simple assault, however, but of assault on a public servant pursuant to Texas Penal Code § 22.01(b)(1), which states:

> (b) "[Assault] under *Subsection (a)(1)* is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
>
> > (1) a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant; . . .[4]

As the italicized language above indicates, only one prong of the general assault definition applies in the context of assault on a public servant, *viz.*, "intentionally, knowingly, or recklessly caus[ing] bodily injury" as described in subsection (a)(1) of Texas Penal Code § 22.01. Consistent with this conclusion, Mackey's Texas indictment states that he was charged with "intentionally, knowingly, and recklessly caus[ing] bodily injury to E. Reyes by hitting E. Reyes, and the said E. Reyes was then and there a public servant in the lawful discharge of an official duty, and Billy Mackey knew and had been informed that E. Reyes was a public servant."

---

[3] TEX. PENAL CODE § 22.01(a) (Vernon 2007).

[4] *Id.* § 22.01(b)(1) (emphasis added).

Our recent opinion in *United States v. Anderson* controls the instant case. In that case, we said that assault on a public servant in violation of Texas Penal Code § 22.01(b)(1) certainly "present[s] more than a 'serious potential risk of physical injury to another'" even if the defendant only *recklessly* commits the offense.[5] This is all that the section 4B1.2(a) of the Guidelines requires to constitute a crime of violence.[6]

The Texas offense of assault on a public servant is a crime of violence for the purposes of section 4B1.2(a) of the Guidelines. The sentencing court did not err in characterizing the offense in this manner, so we affirm Mackey's sentence.

AFFIRMED.

---

[5] *See United States v. Andereson*, --- F.3d ---, 2009 WL 330263, at *5 (5th Cir. Feb. 11, 2009) (quoting U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (2008)).

[6] U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2).