# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2010

Lyle W. Cayce
Clerk

No. 09-40737
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERELY LEE BIRDOW, also known as Jerbly Lee Birdow,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CR-282-1

Before GARWOOD, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jerely Lee Birdow appeals from the 405-month sentence imposed following his conviction for being a felon in possession of a firearm. Birdow argues that the district court erred by (1) applying 18 U.S.C. § 924(e) because his prior conviction for assault on a public servant did not constitute a violent felony[1] and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]This was a single prior judgment which convicted Birdow for two separate assaults on a public servant, each committed on a separate occasion from the other. Birdow also had (among other prior convictions) a prior conviction for burglary of a habitation (a violent felony).

(2) cross-referencing to U.S.S.G. § 2A3.1 because he did not possess the firearm in connection with the commission of an aggravated sexual assault. The Government counters that Birdow's claims are barred by the waiver provision contained in his plea agreement providing, inter alia, that Birdow waives his right to appeal his sentence unless it exceeds the statutory maximum or results from his having received ineffective assistance of counsel (he makes no claim of the latter).

Birdow characterizes both of his arguments on appeal as one challenging his sentence as one that exceeds the statutory maximum. *E.g.*, Blue Brief at 6. However, both of Birdow's issues on appeal contest the district court's calculation of the sentencing guidelines. The Supreme Court has decided that the guidelines are not mandatory. *See United States v. Booker*, 125 S. Ct. 738, 764–68 (2005). Because the guidelines are advisory, they do not create a statutory maximum that Birdow can appeal.

In any event, we need not decide whether this appellate briefing bars Birdow's § 924(e) claim because it is meritless. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006) (holding that waivers are not jurisdictional). We review the legal conclusions underlying a district court's application of § 924(e) de novo. *See United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006). A conviction for assault on a public servant pursuant to TEX. PEN. CODE § 22.01(b) constitutes a crime of violence pursuant to U.S.S.G. § 4B1.2(a). *See United States v. Anderson*, 559 F.3d 348, 355-56 (5th Cir.),[2] *cert. denied*, 129 S.Ct. 2814

---

[2]Birdow also argues in his brief that *United States v. Fierro-Reyna*, 466 F.3d 324 (5th Cir. 2006), suggests that the rule in *Anderson* is not a *per se* rule holding that all convictions under § 22.01 are crimes of violence. Unlike *Fierro-Reyna*, but like *Anderson*, the instant case involves a § 22.01(b) conviction as a crime of violence pursuant to U.S. SENTENCING GUIDELINES § 4B1.2(a). *Fierro-Reyna* involved a question of whether an assault was a crime of violence under U.S. SENTENCING GUIDELINES § 2L1.2. *Fierro-Reyna*, 466 F.3d at 326. The *Anderson* court specifically addressed the differences between guidelines section 4B1.2 and 2L1.2 in deciding that a § 22.01(b) conviction would be a crime of violence purusant to guidelines section 4B1.2.

(2009); *United States v. Mohr*, 554 F.3d 604, 609 n.4 (5th Cir.), *cert. denied*, 130 S. Ct. 56 (2009) (noting that this court has applied case law under the residual clause of § 924(e) to analyze the definition of crime of violence under § 4B1.2, and vice versa).[3] Although Birdow argues that *Anderson* was wrongly decided, we may not overrule it without en banc reconsideration or a superseding contrary Supreme Court decision. *See Martinez-Lopez v. Gonzales*, 454 F.3d 500, 502 n. 1 (5th Cir. 2006). Applying the *Anderson* definition, we hold that Birdow's conviction for assault on a public servant contrary to TEX. PEN. CODE § 22.01(b)(1) was a violent felony for purposes of section 924(e). Because Birdow's statutory maximum sentence was life in prison pursuant to § 924(e), his argument regarding the cross-reference to §2A3.1 is barred by the plea agreement waiver, as his sentence does not exceed the statutory maximum. *See United States v. Cortez*, 413 F.3d 502, 503  (5th Cir. 2005); *United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992).  We AFFIRM.

AFFIRMED

---

[3]As we also noted in *Mohr*, '[t]he definition of violent felony [in § 924(3)] is identical to that of 'crime of violence' in the Guidelines context." *Id.* at 609.

3