# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 11-50766

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL RAUL ESPINOZA, also known as Damian Nevarez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

CARL E. STEWART, Chief Judge:

The Armed Career Criminal Act ("ACCA") imposes a mandatory 15–year term of imprisonment upon convicted felons who unlawfully possess a firearm and have three or more prior convictions for committing violent felonies. 18 U.S.C. § 924(e)(1) (2006). The question before this court is whether a violation of Texas Penal Code § 22.01 constitutes a violent felony as defined by the ACCA. The district court held that it does. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Daniel Raul Espinoza pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). When Espinoza pleaded guilty, he acknowledged that he had three prior felony convictions. The Government filed

notice of its intent to seek an enhanced sentence pursuant to the ACCA.   The district court determined that Espinoza's three prior felony convictions rendered him an "Armed Career Criminal."  This designation resulted in Espinoza facing a mandatory minimum sentence of 15 years' imprisonment under the ACCA.

Espinoza objected to the district court's application of the ACCA to his sentence.  He claimed that one of his prior convictions, felony assault involving family violence, did not qualify as a "violent felony" as defined by the ACCA. During the sentencing hearing, Espinoza argued that the judgment in the assault case did not cite the specific subsection of the Texas Penal Code for which he was convicted and, thus, the court could not presume that he was convicted under a certain subsection or that he engaged in all possible *mens rea* under the statute.  He contended that the district court should presume that he used the least culpable means of committing the offense and conclude that the statute did not meet the definition of a violent felony under 18 U.S.C. § 924(e).

The Government responded that Espinoza's plea colloquy reflected that he pleaded guilty to an assault, enhanced by a prior assault as charged in the indictment and judgment, and that the admission of the occurrence of a bodily injury reflected intentional conduct that was violent in nature.  The district court agreed and determined that Espinoza's felony assault involving family violence conviction was intentional and violent.  The district court relied upon evidence outside the indictment and judgment to reach its conclusion.  The district court noted that Espinoza had broken down a door and threatened to kill a woman by strangulation.  Applying the ACCA, the district court sentenced Espinoza to 188 months' imprisonment to be followed by a 5-year term of supervised release.  Espinoza timely filed a notice of appeal.

## II.  STANDARD OF REVIEW

"Where a defendant objects at sentencing, we review the district court's findings of fact for clear error and its conclusions of law de novo. The sentence

is reviewed for reasonableness." *See United States v. Anderson*, 559 F.3d 348, 354 (5th Cir. 2009).

### III.  DISCUSSION

#### A.

On appeal, Espinoza argues that his prior felony assault conviction was not a violent felony as defined by the ACCA because the record does not establish that he committed the offense with a *mens rea* greater than recklessness.  Espinoza emphasizes that the Government drafted his indictment in the conjunctive, claiming that he intentionally, knowingly, and recklessly assaulted the victim.  As a result, there was never a finding as to his specific *mens rea* and the court should presume that he committed the offense recklessly. Espinoza asserts that an offense that is committed recklessly is not a violent felony under the ACCA.  Citing *Begay v. United States*, 553 U.S. 137 (2008) and *Sykes v. United States*, 131 S. Ct. 2267 (2011), Espinoza contends that a reckless offense lacks the deliberate, purposeful, criminality of the ACCA's enumerated offenses or similar crimes under the residual clause of § 924(e)(2)(B)(ii).  We do not agree.

#### B.

Congress enacted the ACCA to ensure "(1) that violent, dangerous recidivists would be subject to enhanced penalties and (2) that those enhanced penalties would be applied uniformly, regardless of state-law variations." *Descamps v. United States*, — U.S. —,133 S.Ct. 2276, 2302 (2013) (Alito, J., dissenting) (citations omitted).  The ACCA provides for a minimum sentence of 15 years for a defendant convicted under 18 U.S.C. § 922(g) if he has three previous convictions for violent felonies committed on different occasions.  18 U.S.C. § 924(e)(1); *see United States v. Montgomery*, 402 F.3d 482, 485 (5th Cir. 2005).  The ACCA defines a violent felony as, *inter alia*, any crime punishable by a term of imprisonment exceeding one year that: "(i) has as an element the

use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"    18 U.S.C. § 924(e)(2)(B) (emphasis added).    United States Sentencing Guidelines § 4B1.4 implements the ACCA's mandatory minimum requirement and utilizes the same definitions as the ACCA.  *See* U.S.S.G. § 4B1.4(a) & comment (n.1); *see also Montgomery*, 402 F.3d at 485 (noting that the ACCA is implemented by § 4B1.4).  The residual clause, which captures conduct that "presents a potential risk of physical injury to another," is the portion of the statute at issue on appeal.  *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Generally we follow the categorical approach to determine whether a prior conviction qualifies as a violent felony for the purposes of the ACCA.  *See United States v. Garza-Lopez*, 410 F. 3d 268, 273 (5th Cir. 2005) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).  Under this approach, we look to the relevant statute and, in certain circumstances, to the conduct alleged in the charging documents, to determine whether the prior conviction qualifies as a violent felony.  *See Taylor*, 495 U.S. at 576.  However, when a statute can be violated in a way that constitutes a violent felony and in a way that does not, we review other judicial documents to make the determination.  *See United States v. Garcia-Arellano*, 522 F.3d 477, 479-80 (5th Cir. 2008).  The indictment, judicial confession, and judgment are "within the scope of documents a court may consider under *Shepard*."  *Id.* at 480-81 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In an effort to remedy the ambiguity surrounding Espinoza's *mens rea*, we review the judicial documents available to us on appeal.  The indictment supporting the conviction at issue reads as follows:

> The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the JANUARY Term, A.D., 2005 of the 168th

Judicial District Court for said County, upon their oaths in said Court, present that on or about the 14th day of February, 2005. . .in the County of El Paso and State of Texas,
DANIEL ESPINOZA, hereinafter referred to as Defendant, did then and there . . .intentionally, knowingly, and recklessly cause bodily injury to SUSANA ESPARZA, a member of Defendant's Family or household, by applying pressure about the throat of SUSANA ESPARZA with the [D]efendant's hands,

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, said Defendant was previously convicted of an offense against a member of [D]efendant's family or household under Section 22.01 of the Texas Penal Code, to–wit: **on the 5th day of September, 2002, in cause number 200220CO9972 in the County Court At Law No. CCR2 of El Paso County, Texas.**

(Emphasis in original).

The *Shepard* documentation for Espinoza's conviction contained a fully-executed judicial confession where Espinoza admitted the following:

I, the undersigned defendant in this case, do now hereby, in open Court, admit all of the allegations in the indictment or information now pending in this cause including any all [sic] paragraphs alleged for the purpose of enhancing punishment, and confess that I committed the offense as charged in the indictment or information, as well as all lesser included offenses arising out of the same criminal episode and admit the truth of any and all paragraphs alleged for purposes of enhancing punishment.

The state court's findings of fact indicate that Espinoza "admitted all of the allegations charged in the indictment or information on file in this cause and has, in open court, confessed his or her guilt to the offense charged."

The indictment and relevant judicial documents do not provide conclusive evidence as to the *mens rea* we should associate with Espinoza's prior felony conviction. Espinoza's adoption of the judicial confession is simply a blanket statement admitting that he committed the assault with every listed category

of mental culpability. This does not support a finding that Espinoza committed the act intentionally and knowingly and *not* recklessly. Therefore, we apply the "least culpable means" analysis to this case and assume that Espinoza's offense was committed recklessly. *See United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004) ("If an indictment is silent as to the offender's actual conduct, we must proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction." (citation omitted)).

## C.

We now focus our inquiry on whether violating Tex. Penal Code § 22.01 with a culpable *mens rea* of recklessness qualifies as a violent felony under the residual clause of the ACCA.

The Supreme Court's decision in *Begay* suggests that, under these facts, we should consider whether the offense in question involved "purposeful, violent and aggressive" conduct. *See Begay*, 553 U.S. at 144–45 (citation omitted). In *Begay*, the Court held that a violation of New Mexico's driving under the influence ("DUI") statute is not a violent felony under the ACCA. *Id.* at 148. The Court reasoned that DUI differs from the enumerated offenses in that those crimes typically involve "purposeful, violent and aggressive" conduct, whereas DUI statutes typically do not. *Id.* The Court stated that the enumerated offenses "should [be] read [] as limiting the crimes the [residual] clause [] covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Id.* at 143. (citation omitted).

*Sykes* clarified the Court's holding in *Begay* and provided instruction on how its reasoning should be applied.[1] The *Sykes* Court emphasized that *Begay*

---

[1] In *Sykes*, the Supreme Court held that a defendant's prior conviction for fleeing from law enforcement by car was a violent felony under the ACCA. 131 S. Ct. at 2270. The *Sykes* Court reasoned that a "determination to elude capture makes a lack of concern for the safety" of others an inherent feature of the offense. *Id.* at 2273. The *Sykes* Court focused on the risk of physical injury that accrues as a result of a defendant's decision to evade the police by car. *Id.* at 2278-81. The Court noted that the

is the "sole decision of this Court concerning the reach of the ACCA's residual clause in which *risk* was not the dispositive factor. . . ." *Sykes*, 131 S.Ct. at 2275. (emphasis added). *Sykes* reasoned that *Begay's* "purposeful, violent and aggressive" language did not de-emphasize the risk analysis that applied in the Court's ACCA cases. *See id.* (stating that "[i]n general, levels of risk divide crimes that qualify [as violent felonies] from those that do not."). Instead, *Begay* serves as a guide-post for analyzing the ACCA's applicability to crimes that involve strict liability, negligence or *recklessness*. *See Sykes*, 131 S. Ct. at 2275–76.

Here, we conclude that Espinoza's reckless assault conviction qualifies as a violent felony under the ACCA pursuant to *Begay's* "purposeful, violent and aggressive" standard as guided by the Supreme Court's reasoning in *Sykes*.

Espinoza was convicted of violating Tex. Penal Code § 22.01(a) which criminalizes, *inter alia*, recklessly causing bodily injury to another. *See Thomas v. State*, 303 S.W.3d 331, 332 (Tex. Ct. App.—El Paso 2009, no pet.) (defining the elements of Tex. Penal Code §22.01(a)(1)). The offense was enhanced to a third-degree felony because Espinoza was previously convicted under the same statute. *See* Tex. Penal Code § 22.01(b)(1)(a). According to the Texas Penal Code:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care

---

residual clause is designed to enhance punishment for offenses that involve a potential risk of physical injury similar to that presented by the offenses enumerated in the ACCA. *Id.* The enumerated offenses include burglary, extortion, arson, and crimes involving explosives. *Id.* The *Sykes* Court likened a criminal who evades an officer and creates a high risk of crashes to a criminal involved in arson and burglary. *Id.*

that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Tex. Penal Code § 6.03.

Pursuant to *Sykes*, we analogize the statute in question with one of the crimes enumerated in the ACCA. Here, Tex. Penal Code § 22.01 is most analogous to the ACCA-enumerated offense of burglary because reckless assault "can end in confrontation leading to violence." *Sykes*, 131 S. Ct. at 2273. A violation under §22.01, whether committed knowingly, intentionally or *recklessly*, requires proof that the defendant caused bodily injury to another person. The elements of § 22.01 indicate that a violation of this statute requires more than a "risk" of physical harm, but rather must result in actual physical harm.[2] In comparison, the enumerated offense of burglary does not always result in a physical confrontation between two people, nor does it always result in physical injury. Nonetheless, burglary was included as an enumerated offense under the ACCA because the Act contemplates the *potential* injury that may result from a burglary.

A conviction under § 22.01(a)(1) can be achieved if, and only if, a violent, physical confrontation between at least two people leads to bodily injury. Reckless assault in Texas contemplates a scenario where a defendant appreciates the risk that his conduct may result in bodily injury to another, but "consciously disregards" that risk and harms someone as a result. In Texas, "[r]eckless conduct involves conscious risk creation—that is, the actor was aware

---

[2] In several cases decided pre-*Sykes*, we held that a violation of § 22.01 is a violent felony even when the defendant commits the offense recklessly. *See United States v. Anderson*, 559 F. 3d 348, 355 (5th Cir. 2009); *United States v. Mackey* 313 F. App'x 699 (5th Cir. 2010) (unpublished); *United States v. Birdow*, 385 F. App'x 391, 392 (5th Cir. 2010) (per curiam) (unpublished). *Anderson* involved a defendant who challenged the district court's finding that his prior felony conviction under § 22.01 for assault of a public servant was a crime of violence for the purposes of U.S.S.G. Section 4B1.2(a). *See Anderson* at 559 F. 3d at 354. We held that "physical harms committed recklessly fit naturally with the offenses–for example, arson and crimes involving explosives–actually mentioned in § 4B1.2(a)(2)." *Id.* at 355-56.

of the risk surrounding his conduct or the result of his conduct, but consciously disregarded that risk." *See Cleburn v. State*, 138 S.W.3d 542, 545 (Tex. Ct. App.—Houston [14th Dist.] 2004, pet. ref'd) (citation omitted). *Sykes* dictates that the ACCA applies to crimes that are "similar in degree of danger" to one of the enumerated offenses. Because reckless assault creates, at a minimum, a similar degree of danger as burglary, we hold that it is a violent felony.

*Begay* aimed to limit the application of the ACCA to crimes that involve conduct that is "purposeful, violent and aggressive" in nature. *See Begay*, 553 U.S. at 137. Reckless assault under § 22.01 requires proof that the defendant consciously disregarded a substantial and unjustifiable risk and in doing so, caused bodily injury to another. For the reasons stated above, we hold that a violation of § 22.01 falls squarely within the parameters of the criminal conduct contemplated in *Begay*.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment imposing a sentence of 188 months' imprisonment to be followed by a 5–year term of supervised release.