# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 12-41414
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MACK LOPEZ HINOJOSA,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-550-1

—————

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mack Lopez Hinojosa pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 180 months of imprisonment, in accordance with the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Hinojosa appeals the application of the ACCA enhancement, arguing that his prior conviction for assault on a public servant in violation of Texas Penal Code § 22.01(b)(1) does not qualify as a violent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony under the ACCA.  He first maintains that § 22.01 does not have as a necessary element the use, attempted use, or threatened use of physical force against the person of another, nor does the statute involve conduct that presents a serious potential risk of physical injury to another.  *See* § 924(e)(2)(B)(i)-(ii).  He also contends that in determining whether his prior conviction qualifies as a predicate offense under the ACCA, the sentencing court should have taken into consideration the sentence available for the Texas offense of simple assault, without reference to any victim-specific enhancement factors.

We review the legal conclusions underlying a district court's application of § 924(e) de novo.  *See United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).  A conviction for assault on a public servant pursuant to Texas Penal Code § 22.01(b)(1) constitutes a crime of violence pursuant to U.S.S.G. § 4B1.2(a).  *See United States v. Anderson*, 559 F.3d 348, 355-56 (5th Cir. 2009); *see also United States v. Mohr*, 554 F.3d 604, 609 n.4 (5th Cir. 2009) (noting that this court has applied case law under the residual clause of § 924(e) to analyze the definition of crime of violence under § 4B1.2, and vice versa).  Moreover, we recently held that a conviction for felony assault pursuant to Texas Penal Code § 22.01 constitutes a crime of violence for purposes of the ACCA.  *United States v. Espinoza*, ___ F.3d ___-, 2013 WL 5223494, at **4-5 (5th Cir. Sept. 17, 2013).  Accordingly, applying *Espinoza* and the *Anderson* definition, Hinojosa's conviction for assault on a public servant pursuant to Texas Penal Code § 22.01(b)(1) was a violent felony for purposes of § 924(e).  Thus, he has not demonstrated that the district court wrongly determined his base offense level under U.S.S.G. § 4B1.4.

In a separate yet related argument, Hinojosa argues for the first time, without citing any legal authority, that when determining whether an offense

No. 12-41414

qualifies as a violent felony under the ACCA, sentencing courts should consider the maximum sentence generally prescribed for that offense (here, one year for simple assault), without any reference to any victim-specific sentencing factors. The argument that the district court should disregard certain elements of the offense, such as the identity of the victim, and consider the various sentences available under a disjunctive statute, such as § 22.01 which criminalizes misdemeanor assaults and felony assaults, runs afoul of Supreme Court authority and has no merit. Indeed, the Supreme Court recently reinforced the "categorical approach," including the focus on "the elements of the state statute of conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).

AFFIRMED.