EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority holds that when determining whether an individual’s prior sex offense conviction falls within the Sex Offender Registration and Notification Act (“SORNA”)’s consensual-sex exception, courts may undertake an independent factual inquiry into the ages of the offender and victim at the time of the offense. Respectfully, I disagree. I would instead hold that the consensual-sex exception requires courts to apply the categorical approach, which does not permit examination of the facts underlying a defendant’s prior conviction. Because the categorical approach compels the conclusion that Gonzalez-Medina was not convicted of a SORNA “sex offense,” I would vacate his conviction for failure to register.
I
When we are asked to determine whether an individual’s prior state conviction constitutes a generic offense provided in a federal statute, we generally apply the categorical approach. See United States v. Espinoza, 733 F.3d 568, 571 (5th Cir.2013). Under this approach, courts ask only whether the elements of the prior state offense correspond to the elements of the generic federal offense — that is, whether the prior conviction “necessarily implies” that the individual is “guilty of all the elements of [the generic offense].”[1] See Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (applying categorical approach in determining whether prior offense triggers sentencing enhancement under Armed Career Criminal Act (“ACCA”)). Even when state offenses are broader than the generic federal offense, courts still must look only to “the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.” Id. at 600, 110 S.Ct. 2143.
At the outset, it is important to grasp the specific distinctions between SORNA and the Wisconsin statute. SORNA imposes federal criminal liability on any person who, having been “convicted of a sex offense,” fails to register in his jurisdiction of residency. See 42 U.S.C. § 16911(1); id. § 16913(a); 18 U.S.C. § 2250(a). The statute excludes from its “sex offense” definition any “offense involving consensual sexual conduct” in which the victim was “at least 13 years old and the offender was not more than 4 years older than the *434 victim.” 42 U.S.C. § 16911(5)(C). By contrast, the Wisconsin statute under which Gonzalez-Medina was convicted in 2005 imposes misdemeanor criminal liability on an individual who has “sexual intercourse with a child ... who has attained the age of 16 years_” Wise. Stat. § 948.09.[2] Unlike SORNA, the Wisconsin statute contains no non-consent element or age differential; that is, it does not exempt offenses involving “consensual sexual conduct” in which the victim was “at least 13 years old and the offender was not more than 4 years older than the victim.” 42 U.S.C. § 16911(5X0.
Because of these distinctions, the majority recognizes and the parties agree that if SORNA’s consensual-sex exception is evaluated under the categorical approach, then Gonzalez-Medina had no obligation to register under SORNA. Ante at 428. Because the Wisconsin statute lacks a consensual-sex exception, it criminalizes a different range of conduct than does SORNA. Thus, Gonzalez-Medina’s Wisconsin conviction does not “necessarily impl[y]” that he is “guilty of all the elements” of a SORNA sex offense. Taylor, 495 U.S. at 599, 110 S.Ct. 2143. Accordingly, the Government can neither prove that Gonzalez-Medina is “an individual who was convicted of a sex offense” under SORNA, 42 U.S.C. § 16911(1), nor penalize him for failing to register, 18 U.S.C. § 2250(a).
Under the categorical approach, because Gonzalez-Medina was not convicted of a sex offense under SORNA, he cannot be criminally liable for failing to register as a sex offender. This should be the end of our inquiry.
II
The majority, however, does not apply the categorical approach. Rather, today’s opinion relies on cases in which the Supreme Court concluded that a strictly categorical approach would not be faithful to the statutory text and Congressional intent.[3] However, the majority misapplies these precedents and thus erroneously departs from the categorical approach.
The majority first emphasizes that the text of the consensual-sex exception refers to “an offense involving consensual sexual conduct,” rather than to general statutory elements. 42 U.S.C. § 16911(5)(C) (emphasis added); see ante at 430. To be sure, the Supreme Court has explained that a statute’s focus on specific factual circumstances “in which” an offense occurred can counsel against the categorical approach. Nijhawan, 557 U.S. at 38-39, 129 S.Ct. 2294 (quoting 8 U.S.C. § 1101(a)(43)(M)(i)). But the majority overlooks the Court’s reasoning in James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), which involved statutory language substantially more similar to SORNA’s consensual-sex exception. In James, the Court applied the categorical approach to the ACCA’s residual clause defining a “violent felony” *435 as including an offense that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” James, 550 U.S. at 196, 127 S.Ct. 1586 (emphasis added). Given the similarity between the ACCA’s language in James and the consensual-sex exception’s reference to offenses “involving consensual sexual conduct,” I would follow James and apply the categorical approach. 42 U.S.C. § 16911(5)(C) (emphasis added).
The majority next reasons that the consensual-sex exception requires a circumstance-specific approach because such an approach almost certainly applies to an adjacent exception concerning whether a “foreign conviction ... was not obtained with sufficient safeguards for fundamental fairness and due process.” 42 U.S.C. § 16911(5)(B), see ante at 430. Even assuming that the majority’s reading of the (5)(B) foreign conviction exception is correct, I would not conclude that the two exceptions’ proximity mandates a circumstance-specific approach.
The Nijhawan Court explained that “[wjhere ... Congress uses similar statutory language and similar statutory structure in two adjoining provisions, it normally intends similar interpretations.” Nijhawan v. Holder, 557 U.S. 29, 39, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009). In that case, the Court considered a provision of the Immigration and Nationality Act (“INA”) that defined an “aggravated felony” to include:
an offense that—
(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
(ii) is described in section 7201 of Title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000....
8 U.S.C. § 1101(a)(43)(M). The Court first determined that subparagraph (M)(ii) must require a circumstance-specific approach: Because no offense “described in section 7201 of title 26” has a loss amount as an element, the categorical approach would render the tax-evasion provision “pointless.” Nijhawan, 557 U.S. at 38,129 S.Ct. 2294. Turning to subparagraph M(i), the Court then explained that “it is identical in structure to [M(ii) ],” and uses “similar statutory language.” Id. at 38-39, 129 S.Ct. 2294. Although the Court did not expressly enumerate these “similar” features, it likely found salient the parallel phrases “in which” and the express specifications of an amount of loss.[4]
By contrast, the SORNA exceptions here do not share substantially similar “statutory language” or “structure.” Id. at 39, 129 S.Ct. 2294. The consensual-sex exception at issue here and its preceding provision appear as follows:
(B) Foreign convictions
A foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines or regulations established under section 16912 of this title.
*436 (C) Offenses involving consensual sexual conduct
An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.
42 U.S.C. § 16911(5). Here, the two exceptions do not employ any similar language beyond the phrase “is not a sex offense.” Likewise, the structure of the two exceptions is similar only insofar as both employ a conditional clause beginning with “if....” In short, I see no similarities in these provisions’ text and structure so compelling as to warrant importing the circumstance-specific approach from sub-paragraph (5)(B) to (5)(C). Cf. Sebelius v. Auburn Reg’l Med. Ctr., — U.S. -, 133 S.Ct. 817, 825, 184 L.Ed.2d 627 (2013) (rejecting argument that statutory provision is jurisdictional by virtue of proximity to other jurisdictional requirements).
Third, the majority looks to two persuasive authorities — the Ninth Circuit decision in United States v. Byun, 539 F.3d 982 (9th Cir.2008), and Department of Justice Guidelines. See ante at 430-31. But these authorities do not bind this Court and, in any event, concern entirely different statutory provisions and language. Thus, they do not determine the outcome in this case. See, e.g., Byun, 539 F.3d at 991 (reasoning that the word “committed,” in contrast to “convicted,” counsels in favor of circumstance-specific approach under 42 U.S.C. § 16911(3)(A)).
Fourth, the majority asserts that SORNA’s broad purpose of creating a “comprehensive national system for the registration of [sex] offenders” requires a circumstance-specific approach. See ante at 431 (quoting 42 U.S.C. § 16901). This purpose, the majority claims, would be dramatically undermined by the categorical approach, since many state sex offense statutes do not contain a four-year age-differential exception consistent with SORNA’s. To be sure, both the Nijhawan and Hayes Courts surveyed state laws and concluded that because the categorical approach would render the federal law inapplicable in a substantial majority of states, Congress must have intended courts to take a circumstance-specific approach.[5] However, over half of the states have age-differential exceptions in their statutory rape laws.[6] Thus, SORNA’s purpose would not be *437 eviscerated by our applying the categorical approach.
The majority further submits that both parties understate the categorical approach’s potential impact on SORNA because “the language of the (5)(C) exception does not restrict its application to statutory rape offenses.” Ante at 431 n. 2. To be sure, general sexual assault offenses (involving non-minors) do not require that the offender and victim be of any particular age. But even under the categorical approach, so long as the lack of consent is an element of the state sex offense, the offender will not fall within SORNA’s consensual-sex exception. Although the parties have not briefed the issue, according to one treatise, “slightly less than half of the states” require the lack of consent as an element of rape, while others require “force” or “compulsion.” See 2 Subst. Crim. L. § 17.4 (2d ed.2013). While the categorical approach would exclude convictions in these “force” jurisdictions from SORNA’s registration requirement, in light of the many states that do require non-consent, SORNA would, again, not be rendered “pointless.” Nijhawan, 557 U.S. at 38, 129 S.Ct. 2294; see also Tex. Penal Code § 22.011(a)(1) (criminalizing sex acts committed with “another person ... without that person’s consent”); N.Y. Penal Law § 130.20 (defining sexual misconduct as a sexual act committed “with another person without such person’s consent”); CahPenal Code § 261(a) (defining rape as sexual intercourse “against a person’s will” or committed when other cannot consent).
Absent clearer statutory language or legislative intent mandating otherwise, the categorical approach must govern. Congress, by choosing to base SORNA’s registration requirement on prior state convictions, acted with full awareness of the potential effects of disparate state sex offense regimes.[7] If Congress wishes to broaden SORNA’s scope and remedy inconsistencies across states, it may certainly choose to do so.
HI
While the majority makes much of the Supreme Court’s circumstance-specific approach in Nijhawan, scant attention is paid to our subsequent decision in Silva-Trevino v. Holder, 742 F.3d 197 (5th Cir. 2014), which clarified our application of Nijhawan. In Silva-Trevino, the BIA permitted consideration of evidence beyond the record of conviction in determining whether a noncitizen had been convicted of a “crime involving moral turpitude” under the INA, 8 U.S.C. § 1182(a)(2)(A)(i). We rejected this approach, instead applying the categorical approach. We concluded that Nijhawan did not govern since the aggravated felony fraud provision in that case defined “a subset of a category of convictions” — fraud and deceit resulting in a loss of at least $10,000. Id. at 204. By contrast, because the broad category of “crime involving moral turpitude” contained “no such subset,” we had “no ... permission to abandon the categorical approach.” Id.
Here, like the statute in Silva-Trevino, SORNA establishes a broad category of “sex offenses” that trigger the registration requirement. The consensual-sex exception does not establish a “subset” of offenses, id. at 204; rather, it merely carves *438 out an exclusion from this broad category. In light of our reasoning in Silva-Trevino, the majority’s reliance on Nijhawan is misguided.
Additionally, the majority understates the circumstance-specific approach’s potential to spawn unwieldy re-litigation of past convictions under the consensual-sex exception. This practical concern is one of the primary rationales animating the categorical approach, which strictly limits the means by which federal courts may determine whether prior convictions fit within generic federal offenses. See Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1690-91, 185 L.Ed.2d 727 (2013).
The majority claims that the concern for resource-consuming re-litigation is “less pressing where the disputed fact ... is limited to the age of the victim and offender at the time of the prior offense,” because “age can be ascertained from documentary evidence or brief witness testimony.” Ante at 432 n. 3. Indeed, the ages of the offender and victim are at the center of this particular dispute, and if the Government would need to prove only these additional facts to establish that a SORNA defendant is a federal sex offender, then there would be somewhat less reason to fear the specter of mini-trials.
Yet proof of the age differential aside, the majority overlooks the first component of the exception, which refers to “offense[s] involving consensual sexual conduct.” 42 U.S.C. § 16911(5)(C). While the parties have not briefed at length the issue of consent, it is cause for concern under the circumstance-specific approach. As the Government recognizes, lack of consent is neither an element of nor a defense to liability under statutory rape laws, to which the consensual-sex exception applies. The text of the exception plainly contemplates that a victim who is “at least 13 years old” could be capable of engaging in “consensual sexual conduct,” if the offender is “not more than 4 years older than the victim.” 42 U.S.C. § 16911(5)(C). Thus, there is a real possibility that federal courts, applying a circumstance-specific approach, will need to grapple with the difficult question of consent — years (or decades) after the events giving rise to the original state conviction.[8] Rather than forcing district courts down this uncertain path, adopting the categorical approach would minimize “the practical difficulties and potential unfairness of a factual approach.” Taylor, 495 U.S. at 601, 110 S.Ct. 2143. In the interim, Congress could develop a longer-term solution, for ultimately, it is the task of that elected body, *439 and not the courts, to effect and refíne the aims of SORNA.[9]
IV
The SORNA consensual-sex exception is governed by the categorical approach. Under that approach, because the Wisconsin statute did not contain a comparable exception, the Government failed to prove beyond a reasonable doubt that Gonzalez-Medina was convicted of a “sex offense” as defined in SORNA. Accordingly, Gonzalez-Medina’s SORNA conviction must be vacated.
Respectfully, I dissent.

. For simplicity’s sake, I use "categorical approach” here to refer to both the categorical and modified categorical approaches, since the latter "merely helps implement the categorical approach when a [petitioner] was convicted of violating a divisible statute.” See Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013). As the Government recognizes, the Wisconsin statute at issue here is not divisible, so the modified categorical approach is inapplicable.

. A "child” is "a person who has not attained the age of 18 years.” Wise. Stat. § 948.01(1).

. See Nijhawan v. Holder, 557 U.S. 29, 38-40, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009) (applying "circumstance-specific” approach when text of federal statute focuses on facts underlying a prior conviction, rather than merely elements of that offense, and when practical consequences of applying the categorical approach would undermine legislative purpose); United States v. Hayes, 555 U.S. 415, 426, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009) (holding that Government can prove that prior offense was “misdemeanor crime of domestic violence” by establishing victim's relationship to offender as factual matter, without relying solely on elements of statute). I further observe that aside from Hayes, the Supreme Court has not deployed the circumstance-specific approach in applying a criminal statute such as SORNA; Nijhawan involved a noncit-izen’s removability. See Nijhawan, 557 U.S. at 33, 129 S.Ct. 2294.

. Additionally, the majority misunderstands Nijhawan's reasoning: The Nijhawan Court did not simply conclude that "other provisions” in the statute called for a circumstance-specific approach. Ante at 430. This principle would require courts to scour a statute to determine whether categorical or circumstance-specific approaches should be applied anywhere else, and when different provisions require different approaches, courts would be left wondering "to which category [the provision at issue] belongs.” Nijhawan, 557 U.S. at 38, 129 S.Ct. 2294. Rather, the Court ultimately relied on an immediately "adjoining provisio[n]” that called for a circumstance-specific approach and' — • crucially — that shared similar language and structure. Id. at 39, 129 S.Ct. 2294.

. In Nijhawan, the Court opted for a circumstance-specific approach when only eight states had fraud statutes with a monetary threshold consistent with that of the federal offense. See Nijhawan, 557 U.S. at 40, 129 S.Ct. 2294 ("We do not believe Congress would have intended (M)(i) to apply in so limited and so haphazard a manner.”). Similarly, in Hayes, the Court concluded that because only about one-third of states had statutes specifically criminalizing domestic violence, a provision of the Gun Control Act of 1968, 18 U.S.C. § 922(g)(9), prohibiting firearm possession by a person convicted of a "misdemeanor crime of domestic violence” would have been a “dead letter” in the remaining two-thirds of the states. Hayes, 555 U.S. at 427, 129 S.Ct. 1079.

. The Government recognizes that at least in 2004, twenty-seven states defined sex offenses against minors with reference, in part, to age differentials. See generally The Lewin Group, Statutory Rape: A Guide to State Laws and Reporting Requirements 8 (2004). Additionally, I note that in adopting a circumstance-specific approach, this Court has previously reasoned that the "categorical approach would render the crime of domestic violence as a basis for removal [of a noncitizen] under [8 U.S.C. § ] 1227(a)(2)(E)(i) inapplicable in about one-half of the States.” Bianco v. Holder, 624 F.3d 265, 272 (5th Cir.2010). In Bianco, however, the panel relied substantially on the Supreme Court's circumstance-specific approach in Hayes, which happened also to apply a circumstance-specific approach in evaluating the generic federal crime of do *437 mestic violence. See id. at 271-73 (applying Hayes). I therefore do not understand Bian-co (or the Supreme Court’s precedents) to establish a rigid bright-line rule on the number of states whose laws would not fit the elements of a federal statute, thus triggering the circumstance-specific approach.

. Further, as Gonzalez-Medina notes, in most states, where the age of consent is sixteen, he would not even have been convicted for engaging in consensual sexual activity with a sixteen year-old.

. For instance, under the majority’s circumstance-specific approach, a seventeen-year-old offender convicted of sexually assaulting a thirteen-year-old victim would satisfy the exception's age-differential requirement. But the Government, as it concedes, would still need to prove beyond a reasonable doubt that the offense did not involve "consensual sexual conduct.” Consent is a potential problem for Gonzalez-Medina as well, since under the categorical approach, the lack of consent as an element of statutory rape might undermine SORNA’s applicability to statutory rapists. See, e.g., Miss.Code Ann. § 97-3-65 (statutory rape). In response, he essentially submits that lack of consent is an implied element of statutory rape because state laws presume minor victims of statutory rape to be incapable of giving consent. See, e.g., United States v. Rodriguez, 711 F.3d 541, 561 (5th Cir.2013) ("For these reasons, we conclude that the ‘generic, contemporary meaning’ of 'statutory rape' sets the age of consent as a person under the age of majority as defined by statute.”). Thus, by Gonzalez-Medina’s logic, the categorical approach would not exclude a statutory rapist from SORNA’s registration requirement unless he comes within the age-differential exception (as determined by examining only the elements of the state sex offense law). While today's case does not require us to resolve the complex issue of consent, adopting the circumstance-specific approach could require future courts to take on a difficult task.

. The majority professes not to reach the question of "the applicability of the categorical approach to the phrase 'involving consensual sexual conduct’ in the (5)(C) exception.” Ante at 429 n. 1. This claim is belied by the majority’s relying on this very phrase to conclude that "[t]he exception’s reference to conduct, rather than elements, is consistent with a circumstance-specific analysis.” Ante at 430. In any event, the majority fails to explain how a future court could ever conclude in a principled manner that while, under today’s decision, a circumstance-specific approach governs the age differential, a categorical approach applies to the "consensual sexual conduct” phrase in the very same statutory provision. See 42 U.S.C. 16911(5)(C). As explained above, supra note 8, this case does not require us to discuss exhaustively the implications of either a categorical or circumstance-specific approach for the phrase “consensual sexual conduct.” However, the majority is mistaken in implying that its opinion leaves open the question of whether a categorical or circumstance-specific approach applies to this phrase at all. After today's decision, a circumstance-specific approach governs the consensual-sex exception in its entirety — including both the phrase "consensual sexual conduct” and the age differential.