# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11339

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SOL SEBASTIAN PEOPLES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-3-1

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court correctly applied the statute in sentencing the appellant to the 180-month minimum for possessing a firearm after having been convicted of a felony, enhanced by his three previous convictions for violent felonies. 18 U.S.C. § 924(e)(1). The three contentions appellant advances as error are rejected for the following reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11339

First, all three of the prior felonies were committed on occasions different from one another. The fact that a prior conviction was an element of the violent felonies, but was itself not a felony, has no bearing on the relevant convictions or the occasions of their commission.

Then, this court has previously held that the Texas assault statute, the offense for which appellant was convicted, constitutes a violent felony as defined by the Armed Career Criminal statute, 18 U.S.C. § 924(e). *United States v. Espinoza*, 733 F.3d 568 (5th Cir. 2013).

Finally, the decision of the district judge to sentence the appellant to 180 months' imprisonment instead of deducting from that statutory minimum a period of state pre-trial detainment, cannot be faulted, since its legal effect would have been questionable, as the judge recognized.

AFFIRMED.