# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 20-60798
Summary Calendar

DAVID ENRIQUEZ-ACUAPA,

*Petitioner*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 006 035

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

David Enriquez-Acuapa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from the Immigration Judge's denial of his application for cancellation of removal. Enriquez-Acuapa argues that the BIA failed to address his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60798

argument regarding whether the best interests of the child must be the primary factor considered in determining whether a petitioner has demonstrated an exceptional and extremely unusual hardship to a minor relative. Specifically, he claims that pursuant to Article 3 of the Convention on the Rights of the Child, the best interests of the child must be considered in determining whether a petitioner is entitled to cancellation of removal and that his position is supported by language in two Supreme Court cases.

Despite Enriquez-Acuapa's assertion to the contrary, the BIA considered and rejected his arguments in finding that unratified treaties and customary international law cannot create remedies beyond those provided by Congress and that it lacked jurisdiction to the extent that he argued that the Convention on the Rights of the Child affected the validity of the Immigration and Nationality Act. Moreover, the Convention on the Rights of the Child has not been ratified by the United States and therefore does not create a binding obligation. *See Martinez-Lopez v. Gonzales*, 454 F.3d 500, 502 (5th Cir. 2006). Finally, because Enriquez-Acuapa does not challenge the determination that he failed to demonstrate an undue hardship to his qualifying relatives, he has abandoned any challenge to that determination. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Enriquez-Acuapa does not show that the evidence compels a contrary result. *See Guerrero Trejo v. Garland*, 3 F.4th 760, 744 (5th Cir. 2021).

The petition for review is DENIED.